UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANNY JACKSON, | : | |
| Petitioner, | : | Civ. No. 23-676 (RBK) |
| v. | : | |
| WARDEN STEVEN MERENDINO, | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Petitioner is a federal prisoner incarcerated at F.C.I. Fairton in Fairton, New Jersey. Petitioner is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner has applied to proceed *in forma pauperis.* (*See* ECF 1-3). To do so though, Petitioner must proceed with the proper habeas corpus *in forma pauperis* application supplied by the Clerk. (*See* DNJ-Pro Se-007-B-(Rev. 09/09). Indeed, the Local Civil Rules require a petitioner seeking to proceed *in forma pauperis* in a habeas action to include a proper certification from the appropriate prison official regarding the amount in petitioner's prisoner account. *See* L. Civ. R. 81.2(b). However, the *in forma pauperis* application form that Petitioner submitted lacks such necessary information to proceed *in forma pauperis* in this habeas corpus action.

Therefore, this Court will deny Petitioner's *in forma pauperis* application without prejudice and administratively terminate this case. *See* L. Civ. R. 54.3(a). Petitioner shall have the opportunity to reopen this action should he so choose.[1]

---

[1] In any further filings Petitioner may elect to submit, this Court notes that Petitioner's habeas petition includes a reference to a memorandum of law (*see* ECF 1 at 6), however, it does not appear that any memorandum of law was attached by Petitioner's counsel to the habeas petition.

Accordingly, IT IS on this 3rd day of March 2023,

ORDERED that Petitioner's application to proceed *in forma pauperis* (ECF 1-3) is denied without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of a statute of limitations, and that if the case is reopened, it is not subject to a statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); and it is further

ORDERED if Petitioner wishes to reopen this case, he shall so notify this Court in writing within thirty (30) days of the date of entry of this memorandum and order; Petitioner's writing shall include either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk will be directed to reopen this case.

        s/ Robert B. Kugler
        ROBERT B. KUGLER
        United States District Judge